<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES A. SCARPONE, | |
| Plaintiff, | Hon. Stanley R. Chesler, U.S.D.J. |
| | Civil Action No. 04-3140 (SRC) |
| v. | |
| LAURA NELSON DIONISIO, et al., | OPINION |
| Defendants. | |
| In re: | |
| THOMAS A. DIONISIO, | |
| Debtor. | |

<u>**CHESLER**, **U.S.D.J.**</u>

This matter comes before the Court on the combined motion to dismiss for lack of subject matter jurisdiction, motion to dismiss for failure to state a claim, and motion for partial summary judgment by Defendants Fatcar Farms LLC and Giacomo Duva (collectively, "Fatcar") against Plaintiff James A. Scarpone (the "Trustee"). For the reasons set forth below, all of the motions will be **DENIED**.

<u>BACKGROUND</u>

This case arises out of a complex set of disputes connected to an underlying bankruptcy proceeding. The Debtor is Thomas Dionisio ("TD"). In the years prior to filing his bankruptcy petition, TD made asset transfers to his wife at the time, Laura Dionisio ("LD"). On November 22, 2000, TD filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy

Court for the District of New Jersey. The Bankruptcy Court initially appointed Scarpone as Chapter 11 Trustee, and then as Chapter 7 Trustee.

The instant case was originally brought in 2001 by the Debtor's counsel as an adversary proceeding in the Bankruptcy Court. On July 2, 2004, the Trustee filed a motion to withdraw the reference in this Court, which was granted on October 19, 2004. The Trustee filed the Third Amended Complaint on January 20, 2005, making claims against Laura Dionisio, the corporation Laura Nelson Properties, Inc. ("LNP"), George Surgent, Giacomo Duva ("Duva"), Fatcar Farms, LLC, Victor Fischetti, and Thomas Dionisio. Fatcar Farms, LLC has at least two members, Stephen Klopacsz and Giacomo Duva. (Fatcar's Rule 56.1 Stmt. ¶ 1.) The parties dispute whether Fischetti is a member of Fatcar Farms, LLC.

In brief, the Third Amended Complaint alleges that the defendants engaged with TD in various transactions in which his assets were illegally transferred, or that they facilitated such transactions. The motion presently before this Court focuses on the liability of Fatcar in connection with certain of these transactions.

TD had owned a property called "Secluded Acres," subject to, inter alia, a first mortgage held by Sun NLF LP ("Sun"). On July 22, 1996, in the Superior Court of New Jersey, Sun obtained a judgment of foreclosure against Secluded Acres. LNP purchased the judgment of foreclosure from Sun in June of 1999 ("the LNP transaction"). Fatcar Farms, LLC purchased the judgment of foreclosure from LNP on May 10, 2000, as well as an assignment of the right to receive rents from the property ("the Fatcar transaction"). Laura Dionisio, sole owner of LNP, filed a complaint for divorce against Thomas Dionisio on May 18, 2000.

In the Third Amended Complaint, the Trustee brings four claims against Fatcar Farms,

LLC: 1) Count Two (avoidance of fraudulent transfer to Fatcar, based on Fatcar's knowledge of Debtor's plan of fraud); 2) Count Four (avoidance of fraudulent transfer to Fatcar, based on Fatcar's knowledge of Debtor's fraud in the LNP transaction); 3) Count Five (conspiracy to defraud the Debtor and creditors); and 4) Count Ten (imposition of constructive trust). Counts Two and Four rely on the allegation that Fatcar was not a bona fide purchaser for value of the judgment of foreclosure. Counts Two, Four, and Five seek relief against Duva as well as Fatcar Farms, LLC, while Count Ten does not include Duva. In the instant motion, Fatcar moves both for summary judgment and to dismiss these four claims.

## ANALYSIS

I.   **Legal Standards**

   A.   Rule 56 Motion for Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show

affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

      Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

      If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof

at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

      B.     Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to

be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

## II.    Defendants' motions

### A.    Defendants' motion for partial summary judgment

Fatcar first moves for partial summary judgment on the issue of whether Fatcar is a bona fide purchaser of the judgment lien, contending that Fatcar qualifies as a holder in due course under the Uniform Commercial Code, N.J. Stat. Ann. § 12A:3-302. This statutory provision applies to negotiable instruments, defined in N.J. Stat. Ann. § 12A:3-104.

To prevail on a motion for summary judgment under FED. R. CIV. P. 56, the moving party must show that it is entitled to judgment as a matter of law. Fatcar does not even address the question of whether the judgment of foreclosure it purchased was a negotiable instrument, no less persuade this Court that it qualifies as one. The Trustee contends that a transfer of a judgment of foreclosure is governed by real property law, not the U.C.C. While none of his cited cases is exactly on point, cases such as First Union Nat. Bank v. Penn Salem Marina, Inc., 383 N.J. Super. 562, 572 (N.J. Super. Ct. App. Div. 2006), do support the proposition that a judgment of foreclosure is not a negotiable instrument. Since Fatcar does not explain, nor does this Court perceive, how a judgment of foreclosure is a negotiable instrument, Fatcar has not provided the legal basis for a conclusion that it is protected as a holder in due course. Defendants' motion for summary judgment will be denied without prejudice.

Fatcar next argues that it did not participate in any conspiracy to defraud, because Fatcar and Duva did not know Thomas Dionisio, Laura Dionisio, LNP or Surgent prior to the

transaction, nor did Fatcar or Duva know of any agreement amongst the other Defendants. Plaintiff bears the burden of proof of conspiracy to defraud at trial, and so the summary judgment burden shifts to Plaintiff to present evidence to support its case.

The New Jersey Supreme Court has given this guidance on civil conspiracy claims:

> In New Jersey, a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. It is enough [for liability] if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them. Most importantly, the gist of the claim is not the unlawful agreement, but the underlying wrong which, absent the conspiracy, would give a right of action.

Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177-178 (N.J. 2005) (citations omitted). As to the knowledge element of a civil conspiracy claim, then, a plaintiff must establish that the defendant understood the general objectives of the scheme.

The Trustee points to several pieces of evidence of what Duva knew at the time of the transaction: 1) Duva knew that the Secluded Acres property was owned by Thomas Dionisio but that the mortgage on the property had been acquired by a corporation owned by his wife (Scarpone Cert. Ex. F, Trial Ex. 328B 67:23-68:5); 2) Duva knew that there was marital discord and that an attorney had represented Laura Dionisio in a domestic violence complaint (Id. at 75:21-76:3); and 3) Duva knew that Laura Dionisio came to the transaction closing unrepresented by counsel (Id. at 76:20-77:10.)

The Trustee contends that these are "badges of fraud" which show that Duva must have known the general objectives of the scheme. In any case, this kind of issue of mental state is difficult to resolve on summary judgment and, while this evidence is ambiguous, this Court

7

cannot conclude that the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252. The Trustee has come forward with sufficient evidence that Fatcar/Duva understood the general objectives of a scheme to defraud. As to the claim for conspiracy to defraud, Fatcar's motion for partial summary judgment will be denied.

    B.    <u>Defendants' motion to dismiss pursuant to Rooker-Feldman</u>

Fatcar contends that this Court has no jurisdiction over this matter under the Rooker-Feldman doctrine. Fatcar argues that the exercise of jurisdiction would result in a reversal or modification of a state court judgment, as the New Jersey courts have already fully adjudicated the questions of whether, as to the Fatcar transaction, the transfer is fraudulent and Fatcar is a holder in due course or a bona fide purchaser.

The Third Circuit has set forth this formulation of the Rooker-Feldman doctrine:

> [A] claim is barred by Rooker-Feldman under two circumstances: first, if the claim was actually litigated in state court prior to the filing of the federal action or, second, if the claim is inextricably intertwined with [the] state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. A finding that Rooker-Feldman bars a litigant's federal claims divests a District Court of subject matter jurisdiction over those claims.

Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003). Fatcar does not contend that these issues are inextricably intertwined with a state court decision but, rather, that they have been actually litigated.[1]

---

[1] In the reply brief, Fatcar adds a single sentence contending that the issue before Judge Riesner was inextricably intertwined. This is too little, too late to provide a basis to grant the motion to dismiss under Rooker-Feldman. This Court will not accept arguments offered for the first time in the reply brief, as they were not properly asserted in the moving brief and Plaintiff has not had the opportunity to respond to them. Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief.")

8

Fatcar does not, however, show that these issues were actually litigated in state court. The parties agree that Fatcar brought an action against Thomas Dionisio in 2000 in the Superior Court of New Jersey, and that the Hon. Susan L. Riesner, J.S.C., did hold a hearing and issue orders concerning Fatcar's right to possession of Secluded Acres and the right to collect rents on it. Fatcar does not succeed in persuading this Court that jurisdiction is barred by Rooker-Feldman, however, for several reasons. First and foremost, Fatcar does not show that the parties litigated these issues or that Judge Riesner decided them. On June 21, 2000, Judge Riesner granted Fatcar's application for an order to show cause, and ordered the parties to attend a hearing on July 10, 2000 regarding, inter alia, Fatcar's right to collect proceeds due under the final judgment of foreclosure, as well as Fatcar's right to possession of Secluded Acres and right to collect rents on the property. (Fatcar's Rule 56.1 Stmt. Ex. I.) The June 21, 2000 order does not refer to the question of whether Fatcar was a bona fide purchaser of the judgment of foreclosure.

Fatcar also points to Judge Reisner's order of July 25, 2000, in which she awarded Fatcar the right to possession of Secluded Acres, the right to collect rents on the property, and the right to collect all proceeds due under the June 22, 1996 judgment of foreclosure. (Fatcar's Rule 56.1 Stmt. Ex. H.) There is only one sentence in this order that clearly implicates the Fatcar transaction: "Plaintiff received an Assignment of Judgment in Docket No. F-011768-94." (Id.) This statement does not constitute a determination that Fatcar was a bona fide purchaser. Moreover, the Trustee observes that the July 25, 2000 order states that it is "for reasons stated on the record on July 10, 2000," and the transcript of the hearing held on July 10, 2000 does not show either that the parties litigated the issues of fraud in the Fatcar transaction or that the judge

9

made a decision about such issues. (Scarpone Cert. Ex. A.) Furthermore, Fatcar does not explain how this Court's determination of the question of fraud might be equivalent to a finding that Judge Riesner was wrong.

Fatcar also points to the order signed by Hon. Elijah Miller of the Superior Court of New Jersey, Chancery Division: Family Part, on September 8, 2000, during the divorce proceedings. (Fatcar's Rule 56.1 Stmt. Ex. I.) Fatcar points to this language in the order: "Venue was proper as per R. 4:3-2, property not marital, collateral estoppel applies, and waiver as per R. 4:3-3(b)." (Id.) Fatcar offers no basis for this Court to conclude that this cryptic sentence constitutes a state court adjudication of the issue of whether Fatcar was a bona fide purchaser of the judgment of foreclosure. Moreover, as the Trustee observes, the final judgment of divorce issued by the Court in the divorce case incorporated by reference a stipulation of settlement in which the parties agreed that "[a]ny and all issues involving Laura Nelson Properties and Fatcar Farms will be litigated in the Bankruptcy matter." (Scarpone Cert. Ex. F, Trial Ex. 171 at 2.) This supports the inference that the question of whether Fatcar was a bona fide purchaser was not decided in the divorce action in state court.

Fatcar has not persuaded this Court that the issue of whether Fatcar's purchase of the judgment of foreclosure was bona fide was actually litigated in state court. Fatcar's motion to dismiss for lack of subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine, will be denied.

    C.    <u>Defendants' motion to dismiss for failure to state a claim</u>

        1.    *Count Two*

Defendants' arguments in support of dismissing Count Two for failure to state a claim are

not directed to the standard to be used in deciding a motion under FED. R. CIV. P. 12(b)(6). To prevail on this motion, Defendants must show that Plaintiff can prove no set of facts that would entitle him to relief. Defendants argue that the allegation in ¶ 136 of the Third Amended Complaint is unreasonable to believe and not supported by the evidence. Defendants have not persuaded this Court that Plaintiff can prove no set of facts showing that Duva knew or should have known of the Debtor's plan to defraud. Defendants' motion to dismiss Count Two will be denied.

### 2. *Count Four*

Again, Defendants' arguments in support of dismissing Count Four for failure to state a claim are not directed to the standard to be used in deciding a motion under FED. R. CIV. P. 12(b)(6). Defendants begin again by asserting that a key allegation is absurd and unsupported by the evidence. Defendants next attack Count Four as a legally defective malpractice claim. This is irrelevant, as Count Four does not purport to be an action for negligence or malpractice. Defendants then follow a tangent about an expert report. The framework for analyzing a motion to dismiss has been left far behind. Defendants' motion to dismiss Count Four will be denied.

### 3. *Count Five*

Defendants contend that Count Five is unintelligible and contrary to the evidence. Count Five is intelligible as a claim for civil conspiracy to defraud, and the actual state of the evidence is irrelevant to a motion to dismiss. Defendants' motion to dismiss Count Five will be denied.

### 4. *Count Ten*

Defendants contend that Count Ten is unintelligible. Defendants correctly describe Count Ten as a hybrid of legal theories. In response, the Trustee states that Count Ten is an

action for a constructive trust, and that he does not claim that: 1) either Thomas Dionisio or the Bankruptcy estate are parties to the LNP/Fatcar contract; or 2) either Thomas Dionisio or the Bankruptcy estate were intended beneficiaries of the LNP/Fatcar contract.  Count Ten is thus cognizable as an action in equity for imposition of a constructive trust.  Defendants also, again, argue the evidence.  Defendants' motion to dismiss Count Ten will be denied.

        D.      <u>Defendants' argument on damages</u>

Defendants next argue that the Trustee cannot be entitled to relief because the Bankruptcy estate and the creditors have sustained no damages.  Defendants contend that the Trustee alleges that LNP purchased the judgment with $500,000 provided by the Debtor, and that Fatcar Farms, LLC purchased the judgment from LNP for $50,000 down and a $450,000 promissory note.  Thus, Defendants contend, the Debtor's money "is not lost but only changed in character. . . The $500,000 has simply changed from cash in Debtor's estate to a Note payable from Fatcar." (Fatcar's Br. 30-31.)

There are several problems with this position.  As a threshold matter, Fatcar does not make reference to the legal standard under which this part of the motion should be decided.  The section heading makes a factual assertion, suggesting that this is an argument for partial summary judgment, but the section ends by asking for dismissal of the Complaint.  It is truly unclear under what standard this argument should be considered.  This alone precludes granting the motion.

As to the substance of Defendants' argument, first and foremost, it relies on the unargued and untested assumption that the Complaint limits Fatcar's liability to the Fatcar transaction.  Count Five, however, alleges that Laura Dionisio, LNP, Fatcar, and Duva, inter alia, conspired to defraud the Debtor and his creditors.  Count Five does not limit its claim for damages to the

Fatcar transaction. This allows for the possibility that Fatcar participated in a scheme in which the LNP transaction was one part and the Fatcar transaction was another. Fatcar could be liable for damages beyond those that stem from the Fatcar transaction alone.

Second, the Trustee responds that the Debtor sustained damages because the Fatcar transaction effectively removed the judgment of foreclosure from the assets subject to equitable distribution in the matrimonial proceeding. In its reply, Fatcar did not respond to this argument. A reasonable jury might find that all the circumstances surrounding the Fatcar transaction, including the fact that it was executed eight days prior to Laura Dionisio's initiating the divorce action, supports a finding that Fatcar and Laura Dionisio conspired to defraud the Debtor through the transfer.

Third, even if Fatcar is found to be correct and the estate has sustained no loss based on the arithmetic of values on paper, Fatcar has admitted that the transaction converted a cash asset into a note. (Fatcar's Br. 31.) Fatcar does not contend, nor could it reasonably, that a party whose cash is replaced with a promissory note is never worse off for the exchange. A reasonable jury could find that this at least constitutes hindering creditors and that Fatcar is liable for damages for its role. This Court is thus not persuaded that Fatcar is entitled to judgment as a matter of law on the issue of damages, and Defendants' motion for summary judgment on damages will be denied.

      E.      <u>The doctrine of merger</u>

Defendants' last section of argument deals with the doctrine of merger, but this Court cannot ascertain what point Defendants are trying to make. Defendants appear to contend that the Third Amended Complaint is defective because it does not plead the doctrine of merger,

although Defendants concede that it does cite it.[2]  Defendants do not make a comprehensible argument as to how this renders the Complaint legally defective.  Defendants do not explain the circumstances under which pleading the doctrine of merger is required, nor explain how a complaint that cites something twice might then fail to plead it, nor do they point to any legal authority for the proposition that under such circumstances, failure to plead the doctrine of merger is a fatal defect.

## CONCLUSION

For the reasons stated above, Fatcar's combined motion to dismiss for lack of subject matter jurisdiction, motion to dismiss for failure to state a claim, and motion for partial summary judgment is **DENIED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: April 26, 2007

---

[2] Defendants assert incorrectly that the Third Amended Complaint refers to the doctrine of merger at ¶ 71. (Fatcar's Br. 31.)  The Third Amended Complaint refers to the doctrine of merger at ¶¶ 73 and 75.