NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES A. SCARPONE, | : | |
| Plaintiff, | : | Hon. Stanley R. Chesler, U.S.D.J. |
| | : | Civil Action No. 04-3140 (SRC) |
| v. | : | |
| LAURA NELSON DIONISIO, et al., | : | OPINION |
| Defendants. | : | |
| In re: | : | |
| THOMAS A. DIONISIO, | : | |
| Debtor. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion for final judgment by Plaintiff James A. Scarpone (the "Trustee") against Defendants Thomas Dionisio, Laura Dionisio, and Victor Fischetti. On June 16, 2008, this Court entered default judgments against Defendants Thomas Dionisio, Laura Dionisio, and Victor Fischetti. The Trustee now asks for final judgment against these Defendants and an award of damages.

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that if, in entering default judgment, the Court must determine the amount of damages, "the court *may* conduct such hearings or order such references as it deems necessary and proper . . . ." (italics added). Rule 55(b)(2) thus allows but does not require the district judge to conduct a hearing. See Fustok v.

ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("It was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")  When the amount of damages is neither a sum certain nor readily established by simple calculation, "[t]he district court must [] conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

In the instant case, the amount of damages may be ascertained with reasonable certainty by examination of the orders entered by the Bankruptcy Court.  The Trustee seeks damages for professional fees and costs incurred in the present litigation and in litigation before the Bankruptcy Court.  The Trustee has submitted an affidavit asserting that all claims for all such fees and costs were documented in four fee applications submitted to the Bankruptcy Court which, on November 19, 2008, ruled on and granted the applications.  (Scarpone Cert. ¶¶ 10-13.)  The Bankruptcy Court determined that the total of fees in the case was $1,362,028.75 and the total of costs was $138,557.12.  (Scarpone Cert. ¶ 13.)  Deducting the amount recovered through settlements in the litigation, the total of unrecovered damages is $690,585.87.  (Id.)  Defendants have not appeared to contest this calculation or the entry of final judgment against them.

The Trustee's motion for final judgment will be granted, and final judgment shall be entered as follows: 1) against Defendant Thomas Dionisio, as to Counts 7 and 8 of the Third Amended Complaint; 2) against Defendant Laura Dionisio, as to Counts 1, 3, 5, 9, and 10 of the Third Amended Complaint; and 3) against Defendant Victor Fischetti, as to Counts 2, 4, and 5 of the Third Amended Complaint.  Judgment shall be entered against all three Defendants, Thomas Dionisio, Laura Dionisio, and Victor Fischetti, jointly and severally, in the amount of

$690,585.87.  An appropriate Order is attached.

                                                                    s/ Stanley R. Chesler
                                                                Stanley R. Chesler, U.S.D.J.

Dated: May 11, 2009